UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from Amundi Investments USA Pursuant to 28 U.S.C. § 1782 | Case No. 1:18-mc-78 |

**[PROPOSED] ORDER GRANTING APPLICATION FOR
JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

THIS CAUSE came before the Court upon the Application of Anatoli Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. (together, "Petitioners") for judicial assistance pursuant to 28 U.S.C. § 1782 (the "1782 Application"). The Court, having considered the § 1782 Application, the supporting materials, and otherwise being fully advised in the premises, finds as follows:

(1) Petitioners have met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

(2) For purposes of the instant 1782 Application, the following financial institutions, persons, and/or corporate entities reside or are found in the Southern District of New York: Amundi Investments USA ("Amundi").

(3) The documentary and other discovery sought through this 1782 Application is for use in proceedings before a foreign tribunal.

(4) The Petitioners are interested persons within the meaning of the statute, in their capacity as litigants.

Accordingly, it is hereby ORDERED and ADJUDGED as follows:

(1) The 1782 Application is GRANTED.

1

(2) Any discovery taken pursuant to this Order shall be governed by the Federal Rules of Civil Procedure.

(3) The Petitioners' request for leave to conduct discovery and to serve subpoenas in substantially similar form as the form attached hereto as Appendix 1 is GRANTED.

(4) The Petitioners are further authorized to issue and serve additional follow-up subpoenas on Amundi as may be necessary to obtain the documentary evidence for use in the foreign proceeding, as described in the 1782 Application.

(5) Nothing in this Order shall be construed to prevent or otherwise foreclose Petitioners from seeking modification of this Order or leave of Court to serve any additional subpoena on any person or entity.

IT IS SO ORDERED, this ____th day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

# **<u>Appendix A</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from Amundi Investments USA Pursuant to 28 U.S.C. § 1782 | Civil Action No.  1:18-mc-78 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Amundi Investments USA

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: King & Spalding LLP 1185 Avenue of the Americas New York, NY 10036 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Anatolie Stati, Gabriel Stati, Ascom Group, S.A., Terra Raf Trans Traiding Ltd. , who issues or requests this subpoena, are:
James E. Berger, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, (212) 556-2202

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:18-mc-00078-RWS   Document 1-1   Filed 03/01/18   Page 5 of 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2 )

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-mc-00078-RWS   Document 1-1   Filed 03/01/18   Page 6 of 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3 )

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### Definitions

Whenever used herein, the following terms shall have the following meanings:

1. "**Asset**" means any tangible or intangible item of economic value located anywhere in the world in any form, including without limitation, and whether prepaid or deferred, any cash, income, securities, bank accounts, accounts receivable, gifts, trademarks, patents, copyrights, goodwill, personal property, or any interest in any real property, including in any leasehold, or any ownership, membership, credit or other interest in, whether direct or indirect or legal or equitable, or any power, control or discretion otherwise with respect to the disposition of, any asset of any person.

2. "**Debt**" means any money or other item of economic value owed to another person or entity including but not limited to accounts receivable, accounts payable, arrears, bills, checks, claims, credits, commercial paper, commitments, debentures, debits, dues, duties, encumbrances, executory contracts, guarantees, invoices, IOUs, liabilities, lines of credit, loans, mortgages, obligations, promissory and other notes, responsibilities, securities, suretyships, or vouchers.

3. "**EU**" means the European Union.

4. "**National Bank**" means the National Bank of the Republic of Kazakhstan.

5. "**National Fund**" means the National Fund of Kazakhstan, also known as the "National Fund for the Future of Kazakhstan" or the "National Oil Fund."

6. "**NIC**" means the National Investment Corporation of the National Bank of Kazakhstan, a joint-stock company wholly-owned by the National Bank.

7. "**ROK**" means the Republic of Kazakhstan, including all of its constituent agencies, organs, ministries, offices, political subdivisions, instrumentalities (including but not limited to Samruk Kazyna and the National Bank), alter-egos, agents, employees, officers, representatives, and all other Persons acting or purporting to act for or on the Republic of Kazakhstan's behalf, whether or not authorized to do so.

8. "**Amundi**" means Amundi Investments USA, its subsidiaries, affiliates, branches, offices, employees, officers, agents, and/or any person authorized or purporting to act on its behalf.

### Instructions

1. Unless otherwise noted, these areas of designation and inquiry cover the period from January 1, 2012 through the date and time that the deposition record is closed.

2. Each request for documents extends to all documents in your possession, custody, or control, whether held by you or your past or present attorneys or agents and regardless of

    the location of the document(s).  You are required to produce documents that you have a legal right to obtain, documents that you have right to copy or have access to, and documents that you have placed in temporary possession, custody or control of a third party.

3. These requests call for production of each requested document in its entirety, including all attachments presently or previously appended to each document, including, without limitation, working papers, routing slips, handwritten notes and similar materials (with or without notes or changes therein).

4. The word "including" shall be construed without limitation wherever used herein.

5. The past tenses of a verb used herein shall include the present tense, and the present tense shall include the past tense.

## Document Requests

1. All documents and communications evidencing or concerning Amundi's management role with respect to the National Fund.

2. All documents evidencing or concerning any and all accounts maintained by Amundi at any office or branch that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation in the name, or on behalf, of the National Bank, including but not limited to accounts held by the National Bank in its capacity as manager of National Fund assets.

3. All documents evidencing or concerning any and all accounts maintained by Amundi at any office or branch that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation in the name, or on behalf, of NIC, including but not limited to accounts held by NIC for purposes of the management of the assets of the National Fund.

4. All documents and communications concerning or related to any asset of the ROK that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation, whether that asset is owned by the ROK directly, or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially.

5. All documents and communications concerning or related to any debt owed to the ROK by any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

6. All documents and communications concerning or related to any debt owed to the National Bank, in its capacity as fiduciary manager or trustee of the National Fund, by any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

7. All documents and communications concerning or related to any debt owed to NIC, in its capacity as manager of the assets of the National Fund, by any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

8. All documents and communications concerning or related to any debt owed by the ROK to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

9. All documents evidencing or concerning or evidencing any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by one of Amundi's offices or branches that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation relating to transactions identifying the ROK as the beneficiary, originator, or any other related party to a transaction.

10. All documents evidencing or concerning or evidencing any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by one of Amundi's offices or branches that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation relating to transactions identifying the National Bank (in its capacity as fiduciary manager or trustee of the National Fund) as the beneficiary, originator, or any other related party to a transaction.

11. All documents evidencing or concerning or evidencing any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by one of Amundi's offices or branches that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation relating to transactions identifying NIC (in its capacity as manager of the assets of the National Fund) as the beneficiary, originator, or any other related party to a transaction.

12. All documents evidencing or concerning or related to any collateral or security provided in connection with the formation of any debt owed by the ROK to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

13. All documents and communications concerning or related to any collateral or security provided in connection with the formation of any debt owed by the National Bank (in its capacity as fiduciary manager or trustee of the National Fund) to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

14. All documents and communications concerning or related to any collateral or security provided in connection with the formation of any debt owed by NIC (in its capacity as manager of the assets of the National Fund) to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from Amundi Investments USA Pursuant to 28 U.S.C. § 1782 | ) ) ) ) Civil Action No. 1:18-mc-78 ) ) ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:     Amundi Investments USA

*(Name of person to whom this subpoena is directed)*

✔ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: | King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036 | Date and Time: |
|---|---|---|

The deposition will be recorded by this method:

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              *CLERK OF COURT*
                                          OR

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Anatolie Stati, Gabriel Stati, Ascom Group, S.A., Terra Raf Trans Traiding Ltd. , who issues or requests this subpoena, are:

James E. Berger, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, (212) 556-2202

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### Definitions

Whenever used herein, the following terms shall have the following meanings:

1. "**Asset**" means any tangible or intangible item of economic value located anywhere in the world in any form, including without limitation, and whether prepaid or deferred, any cash, income, securities, bank accounts, accounts receivable, gifts, trademarks, patents, copyrights, goodwill, personal property, or any interest in any real property, including in any leasehold, or any ownership, membership, credit or other interest in, whether direct or indirect or legal or equitable, or any power, control or discretion otherwise with respect to the disposition of, any asset of any person.

2. "**Debt**" means any money or other item of economic value owed to another person or entity including but not limited to accounts receivable, accounts payable, arrears, bills, checks, claims, credits, commercial paper, commitments, debentures, debits, dues, duties, encumbrances, executory contracts, guarantees, invoices, IOUs, liabilities, lines of credit, loans, mortgages, obligations, promissory and other notes, responsibilities, securities, suretyships, or vouchers.

3. "**EU**" means the European Union.

4. "**National Bank**" means the National Bank of the Republic of Kazakhstan.

5. "**National Fund**" means the National Fund of Kazakhstan, also known as the "National Fund for the Future of Kazakhstan" or the "National Oil Fund."

6. "**NIC**" means the National Investment Corporation of the National Bank of Kazakhstan, a joint-stock company wholly-owned by the National Bank.

7. "**ROK**" means the Republic of Kazakhstan, including all of its constituent agencies, organs, ministries, offices, political subdivisions, instrumentalities (including but not limited to Samruk Kazyna and the National Bank), alter-egos, agents, employees, officers, representatives, and all other Persons acting or purporting to act for or on the Republic of Kazakhstan's behalf, whether or not authorized to do so.

8. "**Amundi**" means Amundi Investments USA, its subsidiaries, affiliates, branches, offices, employees, officers, agents, and/or any person authorized or purporting to act on its behalf.

### Instructions

1. Unless otherwise noted, these areas of designation and inquiry cover the period from January 1, 2012 through the date and time that the deposition record is closed.

2. The word "including" shall be construed without limitation wherever used herein.

3. The past tenses of a verb used herein shall include the present tense, and the present tense shall include the past tense.

### **Areas of Designation and Inquiry**

1. Information concerning Amundi's management role with respect to the National Fund and/or any assets of the National Fund.

2. Information concerning any and all accounts maintained by Amundi at any office or branch that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation in the name, or on behalf, of the National Bank, including but not limited to accounts held by the National Bank in its capacity as manager of National Fund assets.

3. Information concerning any and all accounts maintained by Amundi at any office or branch that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation in the name, or on behalf, of NIC, including but not limited to accounts held by NIC for purposes of the management of the assets of the National Fund.

4. Information concerning or related to any asset of the ROK that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation, whether that asset is owned by the ROK directly, or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially.

5. Information concerning or related to any debt owed to the ROK by any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

6. Information concerning or related to any debt owed to the National Bank, in its capacity as fiduciary manager or trustee of the National Fund, by any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

7. Information concerning or related to any debt owed to NIC, in its capacity as manager of the assets of the National Fund, by any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

8. Information concerning or related to any debt owed by the ROK to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

9. Information concerning or evidencing any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by one of Amundi's offices or branches that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation relating to transactions identifying the ROK as the beneficiary, originator, or any other related party to a transaction.

10. Information concerning or evidencing any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by one of Amundi's offices or branches that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation relating to transactions identifying the National Bank (in its capacity as fiduciary manager or trustee of the National Fund) as the beneficiary, originator, or any other related party to a transaction.

11. Information concerning or evidencing any and all CHIPS, Fedwire, or SWIFT messages received or transmitted by one of Amundi's offices or branches that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation relating to transactions identifying NIC (in its capacity as manager of the assets of the National Fund) as the beneficiary, originator, or any other related party to a transaction.

12. Information concerning or related to any collateral or security provided in connection with the formation of any debt owed by the ROK to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

13. Information concerning or related to any collateral or security provided in connection with the formation of any debt owed by the National Bank (in its capacity as fiduciary manager or trustee of the National Fund) to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

14. Information concerning or related to any collateral or security provided in connection with the formation of any debt owed by NIC (in its capacity as manager of the assets of the National Fund) to any person or entity that is subject to the territorial jurisdiction of the Courts of the United Kingdom and/or any other EU nation.

15. Information concerning or related to any direct or indirect communications, whether written, electronic, or oral, between Amundi and any representative or agent of the ROK.